IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

        **Plaintiff,**

v.                                                                                         Case No. 10-20037-02-JWL

**Randy J. Dyke,**

        **Defendant.**

## MEMORANDUM & ORDER

In July 2011, a jury convicted Mr. Dyke of various drug trafficking crimes, including conspiracy to intentionally manufacture, distribute and possess with intent to distribute more than 50 grams of methamphetamine. The court sentenced Mr. Dyke to 235-month term of imprisonment and the Tenth Circuit affirmed Mr. Dyke's conviction. *United States v. Dyke*, 718 F.3d 1282 (10th Cir. 2013).

Mr. Dyke's PSR assigned him a base offense level of 34 and a criminal history category of VI for a corresponding guideline range of 262 months to 327 months. At sentencing, the court varied downward with respect to Mr. Dyke's criminal history category (to a category V) on the basis of overrepresentation and sentenced Mr. Dyke to 235 months, the low end of the corresponding guideline range. On February 18, 2015, the court issued an order reducing Mr. Dyke's sentence under Amendment 782 to 210 months. As reflected in the court's order, Mr. Dyke's amended offense level is 32 and, with his criminal history category of VI, the amended guideline range is 210 to 262 months. The court, then, reduced Mr. Dyke's sentence to the low end of the amended range.

Mr. Dyke has now filed a motion to reconsider in which he contends that the court ignored the prior variance as to Mr. Dyke's criminal history category and that the amended guideline range should be based on a criminal history category of V. That criminal history category, coupled with an amended base offense level of 32, would yield an amended guideline range of 188 to 235 months. Mr. Dyke, then, seeks a low-end sentence of 188 months.

The motion is denied. As the court explained in its order reducing Mr. Dyke's sentence, a district court may not reduce a sentence under § 3582(c)(2) "to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A). The "amended guideline range" is defined as "the guideline range that corresponds to the [amended] offense level and criminal history category determined . . . before consideration of . . . any variance." U.S.S.G. § 1B1.10 cmt. 1(A) (Nov. 1, 2011). The court, then, appropriately used the amended guideline range corresponding to the criminal history category that was calculated in Mr. Dyke's PSR without reference to the criminal history category variance that the court applied at Mr. Dyke's sentence. *See United States v. Johnson*, 507 Fed. Appx. 822, 823-24 (10th Cir. Jan. 22, 2013) (district court must determine eligibility for § 3582(c)(2) sentence reduction based on guideline range before any departures were considered; amended guideline range must correspond to criminal history category calculated in PSR rather than category to which court departed); *United States v. Valdez*, 492 Fed. Appx. 895, 899-900 (10th Cir. July 31, 2012) (district court prohibited from applying reduced criminal history category in sentence reduction proceedings). Because the court was not authorized to sentence Mr. Dyke below 210 months—the low end of the amended guideline range—his motion to reconsider must be denied.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Dyke's motion to reconsider order reducing sentence (doc. 364) is denied.

**IT IS SO ORDERED.**

Dated this 22nd day of April, 2015, at Kansas City, Kansas.

                                            s/ John W. Lungstrum
                                            John W. Lungstrum
                                            United States District Judge