# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

        **Plaintiff,**

v.                                                                                  Case No. 10-20037-02-JWL

**Randy J. Dyke,**

        **Defendant.**

## **MEMORANDUM & ORDER**

In July 2011, a jury convicted Mr. Dyke of various drug trafficking crimes, including conspiracy to intentionally manufacture, distribute and possess with intent to distribute more than 50 grams of methamphetamine. The court sentenced Mr. Dyke to a 235-month term of imprisonment and the Tenth Circuit affirmed Mr. Dyke's conviction. *United States v. Dyke*, 718 F.3d 1282 (10th Cir. 2013). Thereafter, the court denied Mr. Dyke's § 2255 petition and the Circuit denied Mr. Dyke's request for a certificate of appealability and dismissed Mr. Dyke's appeal of that memorandum and order. In February 2015, the court reduced Mr. Dyke's sentence to 210 months under Amendment 782.

In November 2015, Mr. Dyke filed a pro se motion for a court order directing Mr. Dyke's trial counsel to release his case file to him. Largely by mutual agreement between trial counsel and the government, trial counsel released discovery materials to Mr. Dyke in early April 2016. This matter is now before the court on Mr. Dyke's pro se motion to order trial counsel to "replace" the discovery materials that were sent to him. According to Mr. Dyke, the discovery was sent to him in the form of a CD and a "thumb" drive and, because he was not permitted to

possess such items in custody, he attempted to send those items to a family member for the purpose of making a hard copy of the materials. Mr. Dyke asserts that prison officials responsible for mailing the CD and thumb drive failed to seal the envelope such that the items were lost during mailing. He now seeks a court order directing his trial counsel to resend the discovery to him.

Mr. Dyke has failed to articulate any statutory or other basis that might empower the court to resolve the motion. His criminal proceeding is closed and he has no pending § 2255 motion for post-conviction relief. The statute that provides district courts with original jurisdiction in criminal cases—18 U.S.C. § 3231—does not give the court jurisdiction over all post-conviction motions, particularly one seeking discovery without identifying any specific purpose for that discovery. *See United States v. Woods*, 2016 WL 3457754, at *2 (10th Cir. June 21, 2016). Because Mr. Dyke has not made a proper showing of jurisdiction, and the court discerns no valid basis for jurisdiction, the court dismisses the motion.[1]

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Dyke's motion for order (doc. 398) is **dismissed**.

**IT IS SO ORDERED.**

---

[1] To the extent this memorandum and order conflicts with the court's prior order resolving Mr. Dyke's November 2015 motion for order, the Circuit's intervening opinion in *Woods* has shed significant light on the jurisdictional issue.

Dated this 15th day of August, 2017, at Kansas City, Kansas.

                                               s/ John W. Lungstrum
                                               John W. Lungstrum
                                               United States District Judge