IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

        **Plaintiff,**

v.                                             Case No. 10-20037-02-JWL

**Randy J. Dyke,**

        **Defendant.**

## MEMORANDUM & ORDER

In July 2011, a jury convicted Mr. Dyke of various drug trafficking crimes, including conspiracy to intentionally manufacture, distribute and possess with intent to distribute more than 50 grams of methamphetamine. The court sentenced Mr. Dyke to a 235-month term of imprisonment and the Tenth Circuit affirmed Mr. Dyke's conviction. *United States v. Dyke*, 718 F.3d 1282 (10th Cir. 2013). Thereafter, the court denied Mr. Dyke's § 2255 petition and the Circuit denied Mr. Dyke's request for a certificate of appealability and dismissed Mr. Dyke's appeal of that memorandum and order. In February 2015, the court reduced Mr. Dyke's sentence to 210 months under Amendment 782.

In November 2015, Mr. Dyke filed a pro se motion for a court order directing Mr. Dyke's trial counsel to release his case file to him. The court directed trial counsel to respond to the motion and to indicate whether he maintained a case file with respect to Mr. Dyke and whether and to what extent that file contained materials to which Mr. Dyke was entitled. Specifically, the court noted that Mr. Dyke would be entitled to the case file as long as he was otherwise entitled to the materials contained in it and that, by way of example, he would not be entitled to

materials produced to his trial counsel by the government as a matter of courtesy if those materials were produced subject to an agreement between the government and defendant's trial counsel that trial counsel not provide a copy of the materials to Mr. Dyke.

Mr. Dyke's trial counsel responded that Mr. Dyke's case file contained both discovery provided to counsel by the government as a matter of courtesty (which was provided with the understanding that a copy of the discovery not be provided to the defendant) and material outside the scope of that agreement. Trial counsel represented that he forwarded to Mr. Dyke those materials that were outside the scope of the agreement with the government and Mr. Dyke acknowledged receipt of those materials. Despite the court's ruling that Mr. Dyke was not entitled to a copy of discovery that had been provided to his counsel as a matter of courtesy by counsel for the government because those materials were produced subject to an agreement between the government and trial counsel that trial counsel not provide a copy to Mr. Dyke, counsel for the government agreed that it would not oppose the release of non-sensitive discovery materials to Mr. Dyke even if Mr. Dyke was not otherwise entitled to those materials. In February 2016, then, the court granted in part and denied in part Mr. Dyke's motion for order and directed Mr. Dyke's trial counsel and counsel for the government to review the discovery materials and for trial counsel to send to Mr. Dyke any discovery that the government agreed could be released. With the agreement of government counsel, Mr. Dyke's trial counsel released non-sensitive discovery materials to Mr. Dyke in early April 2016.

In August 2017, Mr. Dyke filed a motion asking the court to order trial counsel to resend the discovery materials because, according to Mr. Dyke, the discovery was sent to him in a form that he was not permitted to possess in custody. The court dismissed that motion for lack of

jurisdiction in light of *United States v. Woods*, 2016 WL 3457754, at *2 (10th Cir. June 21, 2016), an intervening case in which this court had directed the defendant's trial counsel to release his case file to him and in which the Circuit vacated the court's order with directions to dismiss the motion because the defendant had not identified a basis for the court's jurisdiction to order a nonparty—the defendant's former trial counsel—to turn over a case file. In light of the Circuit's opinion in *Woods*, then, this court dismissed Mr. Dyke's motion because Mr. Dyke had not identified a basis for the court's jurisdiction to order the resending of the discovery materials. And, as indicated earlier, the initial order concerning the sending of non-sensitive discovery material to Mr. Dyke was based on the agreement of counsel—the court had held that Mr. Dyke was not entitled to those materials.[1]

This matter is again before the court in light of Mr. Dyke's continued efforts to obtain his case file and the discovery materials that the government had agreed to provide to him. Specifically, Mr. Dyke has filed a motion (and an amended motion) to obtain those materials in anticipation of filing what he describes as a "Rule 52(b) Motion in light of *Molina-Martinez*." As the government argues in its response, these motions must be dismissed for lack of jurisdiction just as the court dismissed Mr. Dyke's August 2017 motion. In his reply, Mr. Dyke identifies two possible bases for the court's jurisdiction over his motions for discovery. First, Mr. Dyke contends that this court's February 2016 order granting in part and denying in part the motion to release the case file provides jurisdiction for the court to render a ruling on his current motions. According to Mr. Dyke, he is simply asking the court to require counsel to follow

---

[1] With the benefit of hindsight provided by the *Woods* opinion, the court did not have jurisdiction to consider the merits of Mr. Dyke's November 2015 motion seeking the release of his case file. It should have dismissed that motion without opining on the merits of the request.

through on what the court ordered counsel to do back in February 2016. But as the court has explained, the court's February 2016 order was issued prior to the *Woods* decision and, as reflected in the *Woods* opinion, was improvidently entered. The court clearly should have dismissed that motion for lack of jurisdiction and refrained from opining on the merits of the motion. The court, then, cannot assert jurisdiction over Mr. Dyke's present motions based solely on its mistaken assertion of jurisdiction over Mr. Dyke's prior motion. *See Tokoph v. United States*, 774 F.3d 1300, 1305 (10th Cir. 2014) ("federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute").

The second basis identified by Mr. Dyke in support of his assertion that this court may exercise jurisdiction over his motions is the Supreme Court's decision in *Hicks v. United States*, 137 S. Ct. 2000 (Mem) (2017). Mr. Dyke contends that the *Hicks* decision stands for the principle that a defendant may challenge the integrity of criminal proceedings under the plain error doctrine at any time and, accordingly, that this court necessarily has jurisdiction to hear Mr. Dyke's plain error arguments at any time. Contrary to Mr. Dyke's suggestion, the *Hicks* decision does not indicate that this court may exercise jurisdiction over Mr. Dyke's discovery motions. The Court in *Hicks*, in light of the government's concession of the first two elements of the plain error test and its request that the Court remand the case to the Fifth Circuit for it to resolve the latter two elements in the first instance, vacated the judgment of the Fifth Circuit and remanded for further consideration. The *Hicks* decision was a memorandum opinion that merely reported the court's conclusion without elaboration, although Justice Gorsuch wrote a brief concurring opinion and Chief Justice Roberts, joined by Justice Thomas, wrote a brief dissenting opinion. Mr. Dyke's reliance on *Hicks*, then, is misplaced.

In the end, because Mr. Dyke has not made a proper showing of jurisdiction, the court dismisses his motions for discovery.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Dyke's motions for discovery (docs. 401 and 403) are **dismissed**.

**IT IS SO ORDERED.**

Dated this 3rd day of January, 2018, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge