# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

United States of America,

        Plaintiff,

v.                                        Case No. 10-20037-02-JWL

Randy J. Dyke,

        Defendant.

## MEMORANDUM & ORDER

In July 2011, a jury convicted defendant Randy J. Dyke of various drug trafficking crimes, including conspiracy to intentionally manufacture, distribute and possess with intent to distribute more than 50 grams of methamphetamine. The court sentenced Mr. Dyke to a 235-month term of imprisonment and the Tenth Circuit affirmed Mr. Dyke's conviction. *United States v. Dyke*, 718 F.3d 1282 (10th Cir. 2013). Thereafter, the court denied Mr. Dyke's § 2255 petition and the Circuit denied Mr. Dyke's request for a certificate of appealability and dismissed Mr. Dyke's appeal of that memorandum and order. In February 2015, the court reduced Mr. Dyke's sentence to 210 months under Amendment 782. This matter is presently before the court on Mr. Dyke's motion to correct plain error and a complete miscarriage of justice (doc. 419). Because the court lacks jurisdiction over that motion, the motion is dismissed.

Mr. Dyke's 35-page motion challenges numerous aspects of his conviction and sentence. He asserts that his motion is not a second or successive § 2255 petition and that it is based solely on Rule 52(b) and the "plain error" doctrine. Contrary to Mr. Dyke's assertion, Rule 52(b) does

not provide a procedural mechanism for collaterally challenging his conviction or sentence; it applies only on direct appeal. *See United States v. Hodges*, ___ Fed. Appx. ___, 2018 WL 3357443 (5th Cir. July 9, 2018); *United States v. Lehi*, 208 Fed. Appx. 672, 674 (10th Cir. Dec. 12, 2006) ("Rule 52(b) . . . was intended for use on direct appeal . . . [and] is out of place when a prisoner launches a collateral attack against a criminal conviction after society's legitimate interest in the finality of the judgment has been perfected by the expiration of the time allowed for direct review."). Mr. Dyke is required to assert his challenges under 28 U.S.C. § 2255 and, because he has already filed a motion under § 2255, he must obtain authorization from the Circuit to file a successive motion. Mr. Dyke has not done so and, as a result, this court lacks jurisdiction to entertain the motion filed by him.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Dyke's motion for order (doc. 419) is **dismissed**.

**IT IS SO ORDERED.**

Dated this 19th day of July, 2018, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge